UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RUBIN R. WEEKS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:17CV225 ACL |
| JASON LEWIS, et al., | ) | |
| Respondents. | ) | |

## **ORDER**

This matter is before the court on the Petition of Rubin R. Weeks, for a writ of habeas corpus under 28 U.S.C. § 2241. Currently pending is Respondent Jason Lewis' Motion to Dismiss for Lack of Jurisdiction. (Doc. 20.)

Weeks is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of Cape Girardeau County, Missouri.

Weeks is also subject to a detainer originally lodged by the Mississippi Department of Corrections in 1991, requesting his return to Mississippi following his release from Missouri custody. As a result, Jim Hood, Mississippi Attorney General, is an additional respondent in this action.

### I.     Procedural Background

**A.     Missouri Convictions**

Weeks pled guilty to the Missouri charges of kidnapping and rape in 1992, and was sentenced to concurrent terms of thirty years and life imprisonment. *See Weeks v. Bowersox*, 119 F.3d 1342, 1343 (8th Cir. 1997). He did not appeal his sentence, nor did he file a post-conviction

1

motion. *Id.* Weeks filed a state habeas petition, which was dismissed because he had not filed a post-conviction motion. *Id.*

Weeks subsequently sought federal habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Id.* He raised the following grounds for relief: (1) his arrest in Mississippi was unlawful in that he was transported to Missouri without an extradition hearing; (2) his guilty plea was involuntary; (3) he was not properly arraigned on the rape charge; (4) he was improperly charged as a prior offender; and (5) he was denied the right to present evidence and to present a defense. *Id.* Weeks also argued that he was actually innocent. *Id.* On October 27, 1995, the district court[1] denied Weeks' habeas petition, finding that he had defaulted his claims and had failed to make the requisite showing of cause and prejudice or actual innocence necessary to overcome his procedural default. *Id.* Weeks appealed. Initially, the United States Court of Appeals for the Eighth Circuit reversed the conviction, but upon *en banc* review, the Court affirmed the denial of habeas relief. *Id.*

Weeks filed a writ of certiorari with the United States Supreme Court, which was denied on January 26, 1997. *Weeks v. Bowersox,* 522 U.S. 1093 (1998).

On October 23, 2000, Weeks filed a petition with the Eighth Circuit for permission to file a successive habeas corpus action. The petition was denied on November 29, 2000. *See Weeks v. Wallace*, 4:94-CV-1704 CAS, 2013 WL 812112, at *3 (E.D. Mo. Mar. 5, 2013).

The Court denied Weeks' Motion to Recall the Mandate in 2011. *Weeks v. Bowersox*, 119 F.3d 1342 (8th Cir. 2011).

In 2012, Weeks filed a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) in this Court. Weeks argued the final judgment should be reopened for the following reasons: (1) the state prosecutor and respondent withheld from him reports containing

---

[1] The Honorable Laurence O. Davis, United States Magistrate Judge.

exculpatory evidence; (2) his plea was not entered knowingly, voluntarily and intelligently because he was both improperly and over-medicated by jail staff; and (3) his plea was not entered knowingly, voluntarily and intelligently because he was suffering from severe head trauma on the date of the guilty plea. *Weeks v. Wallace*, 4:94-CV-1704 CAS, 2013 WL 812112, at *4 (E.D. Mo. Mar. 5, 2013). The Court[2] denied the Rule 60(b) Motion, because "in his motion he raises claims that amount to a second or successive habeas petition," for which he had not received permission to bring. *Id.* at 7. In an alternative ruling, the Court denied relief because the motion was not timely under Rule 60(c). *Id.*

In 2017, Weeks filed another Rule 60(b) motion. He argued that the Court must re-open his § 2254 habeas petition because the Court's denial of his petition without an evidentiary hearing was in violation of his constitutional due process rights. *Weeks v. Lewis*, 4:94-CV-1704 CAS, 2017 WL 1177913, at *3 (E.D. Mo. Mar. 30, 2017). He also argued that the Court's judgment in the habeas case was void because the State court's judgment was void in that it lacked authority and jurisdiction to enter a conviction and impose a life sentence upon him for forcible rape. *Id.* Judge Shaw denied relief, holding that Weeks raised claims that amounted to a second or successive habeas petition, and Weeks had not obtained permission from the Eighth Circuit Court of Appeals to maintain the motion, as required by 28 U.S.C. § 2244(b). *Id.* at *5. In the alternative, the Court found that Weeks' motion for relief pursuant to Rule 60(b) was time-barred. *Id.* The Eighth Circuit affirmed the decision. *Weeks v. Lewis*, No. 17-2061 (8th Cir. Oct. 23, 2017).

---

[2]The Honorable Charles A. Shaw, United States District Judge. Judge Shaw explained that the Rule 60(b) Motion was assigned to him because Judge Davis had retired in 2001.

### B. Mississippi Convictions

The Mississippi detainer at issue in this case is based on the following Mississippi convictions: an August 1988 burglary conviction for which he was sentenced to four years; five convictions of uttering a forgery in November 1988 for which he was sentenced to serve ten years per conviction; and a final conviction of uttering a forgery in July 1989, for which he was sentenced to four years. (Doc. 23 at 23-7.) He was released on parole from the Mississippi Department of Corrections on June 7, 1990. *Id.* In 1991, a hold was placed on Weeks for absconding and nonpayment, which tolled Weeks' time on parole pending his compliance with the rules of his parole and sentencing order. *Id.* On September 16, 1991, prior to Weeks' discharge date of October 23, 1992, an arrest warrant was issued. *Id.* Weeks is subject to an active detainer, and has a total of 403 days to serve with the Mississippi Department of Corrections upon any release from the Missouri Department of Corrections. *Id.*

Weeks filed petitions for federal habeas corpus relief on three occasions with the United States District Court for the Southern District of Mississippi challenging the Mississippi detainer at issue in the instant Petition. (Docs. 23-11, 23-12, 23-13, 23-14.) The first petition was dismissed without prejudice on October 27, 1994, for Weeks' failure to exhaust state court remedies. (Doc. 23-11.) Weeks' second petition was dismissed with prejudice as untimely on May 25, 2000. (Doc. 23-12.)

On April 14, 2015, Weeks filed a third petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 challenging the Mississippi detainer, which was dismissed for lack of jurisdiction as successive. *See Weeks v. Mississippi*, No. 3:15CV283-CWR-FKB, 2016 WL 8737394, at *2 (S.D. Miss. January 15, 2016), *Report and Recommendation adopted by* 2016 WL 8739326 (S.D. Miss. March 8, 2016). On appeal, the United States Court of Appeals for the Fifth Circuit noted that the district court construed Weeks' petition as arising under § 2254, whereas a § 2241 petition

4

is the proper vehicle for challenging the detainer at issue. *Weeks v. Mississippi*, 689 Fed. Appx. 297 (5th Cir. 2017) (unpublished). The Court explained that a § 2241 petition must be filed in the district where the prisoner is incarcerated, and Weeks is incarcerated in Missouri. *Id.* Consequently, the Court affirmed the district court's dismissal of the petition "on the alternative basis that the court lacked jurisdiction to consider the motion." *Id.*

## II. Discussion

On December 20, 2017, Weeks filed the instant Petition for writ of habeas corpus. (Doc. 1.) He states that he is bringing the Petition pursuant to 28 U.S.C. §§ 2241 and 2254, on the basis that the Missouri judgment and Mississippi detainer are void. (Doc. 2.)

In his Motion to Dismiss, Respondent Lewis argues that the instant Petition is a second or successive federal habeas corpus petition, filed without authorization from the Eighth Circuit. Respondent Hood has filed a Response to Order to Show Cause arguing that Weeks' challenge to the Mississippi detainer should be dismissed as a second or successive petition. (Doc. 23 at 13.) Weeks filed a Response in Opposition to Respondents' claims. (Doc. 26.)

Under 28 U.S.C. §§ 2244(a) and 2255(h), district courts may not entertain a second or successive application for writ of habeas corpus unless it has first been certified by the Court of Appeals. *See also Burton v. Stewart,* 549 U.S. 147, 152 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)) ("a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'") The instant Petition has not been certified by the Court of Appeals for the Eighth Circuit.

In his Response, Weeks appears to argue that § 2244(b) does not apply to his § 2241 claims that the state courts' judgment and detainer are void. Although the Eighth Circuit is silent on this issue, § 2244(a) prohibits the filing of second or successive § 2241 petitions if the issues therein

5

were, or could have been, decided in a previous federal habeas action. *See, e.g.*, *Shabazz v. Keating,* 242 F.3d 390, 392 (10th Cir. 2000) (unpublished) (stating that § 2244(a) means that "we are not required to entertain a § 2241 petition if the legality of the detention has been determined by a prior application"); *Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1352 (11th Cir. 2008) (same); *see also Phelps v. U.S. Federal Government,* 15 F.3d 735, 737-38 (8th Cir. 1994) (affirming district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition).

As set out above in detail, Weeks has fully litigated his claims challenging his Missouri convictions and Mississippi detainer. He has been informed repeatedly that he cannot litigate a second or successive petition in federal district court without first obtaining permission of the Eighth Circuit. The record reflects that he has failed to do so. Thus, this Court lacks subject matter jurisdiction of these claims, and they must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Jason Lewis' Motion to Dismiss for Lack of Jurisdiction (Doc. 20) is **granted**.

**IT IS FURTHER ORDERED** that the Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of October, 2018.