UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RUBIN R. WEEKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:17CV225 ACL |
| | ) |
| JASON LEWIS, et al., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM AND ORDER**

This closed matter is before the Court on Petitioner Rubin R. Weeks' Motion to Alter or Amend Judgment. (Doc. 43.)

Weeks filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, challenging the Missouri judgment for which he is currently incarcerated, as well as a Mississippi detainer subjecting him to incarceration in Mississippi following his release from Missouri custody. (Doc. 1.) On October 15, 2018, the Court dismissed Weeks' Petition for lack of subject matter jurisdiction. (Doc. 33.) The Court found that the Petition was a second or successive petition, and that Weeks failed to obtain permission from the Eighth Circuit before its filing despite being informed repeatedly of the requirement to do so.

Weeks now requests that the Court vacate that judgment under Federal Rules of Civil Procedure 59 and 60. He argues in the alternative that the Court should issue a certificate of appealability "as directed by the Eight[h] Circuit on November 2, 2018." (Doc. 43 at 1.)

Motions to alter or amend a judgment brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the

motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Briscoe v. Cty. of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012).

Weeks raises the same issues here as he did in his Petition and, to the extent he raises any new issues, the Court may not review them. *Cole v. Roper*, No. 4:10CV197CEJ, 2013 WL 869396, at *1 (E.D. Mo. Mar. 7, 2013). Further, upon a complete and careful review of Weeks' Motion and the record, the Court finds that Weeks has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law such that relief pursuant to Rule 59(e) is warranted.

Further, Weeks is mistaken that the Eighth Circuit Court of Appeals directed this Court to issue a certificate of appealability. Instead, the Eighth Circuit simply directed the Court to consider whether Weeks was entitled to a certificate of appealablity and, if so, to specify the issue or issues that were to be considered on appeal. (Doc. 41 at 1.) In an Order dated November 6, 2018, the undersigned found that Weeks was not entitled to a certificate of appealability. (Doc. 42.) On April 19, 2019, the Eighth Circuit denied Weeks' application for a certificate of appealability. (Doc. 49.)

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Amend Judgment (Doc. 43) is **denied**.

Dated: May 7, 2019.

                                         /s/ Abbie Crites-Leoni
                                         ABBIE CRITES-LEONI
                                         UNITED STATES MAGISTRATE JUDGE